UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DAVID URBANO, | No. 2:13-cv-1182 TLN GGH P |
| Petitioner, | |
| J. MACDONALD, | ORDER |
| Respondent. | |

On August 22, 2013, respondent filed a motion to dismiss based on failure to exhaust five out of six claims. Petitioner filed an opposition, arguing that exhaustion is excused for various reasons.

The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1).

A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986). A state court has had an opportunity to rule on the merits of a claim when the petitioner has fairly presented that claim to that court. The fair presentation

1

requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995).

Petitioner first argues that the five claims were unexhausted due to the state court's failure to provide counsel on direct appeal, and therefore an exhaustion requirement would be unjust.[1] He then concedes that he was permitted a supplemental brief but the state court erred in failing to appoint counsel to argue his points because it should have found his grounds arguable on their merits. Therefore, in the interests of justice, petitioner argues that claims two through six should be adjudicated now. He further claims that respondent failed "to raise a meritorious non-exhaustion defense," in response to petitioner's argument in the petition that claim one, denial of counsel on direct appeal, which was exhausted, was the cause for failing to exhaust claims two through six. Finally, petitioner claims that claims two through six arguably have been exhausted by virtue of exhausting claim one.[2] Petitioner concedes that claims two through six of his petition are unexhausted.

/////

---

[1] Petitioner had counsel on direct appeal who filed a Wende brief. (Resp.'s Lod. Doc. No. 1.)

[2] In his petition, petitioner claims that he tried to exhaust claims two through six by requesting an extension of time to file his pro per Wende brief on October 7, 2011, but that the state court of appeal did not respond to the request. (Petn., Ex. L2; ECF No. 1 at 129.) The docket from the direct appeal indicates that an October 14, 2011 request for extension of time was granted on October 19, 2011.
http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=3&doc_id=1973000&doc_no=C067579.

2

Because this is a mixed petition, petitioner may proceed in one of two ways. He may eliminate claims two through six as unexhausted and proceed on the exhausted claim one only. Or, petitioner may file a motion to stay this action pending exhaustion of the unexhausted five claims.[3]

In Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528 (2005) the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. Rhines, supra, at 277-78, 125 S. Ct at 1535.

Petitioner is informed that counsel's failure to include claims on direct appeal does not constitute "good cause" to grant a stay of a mixed federal petition under Rhines. Wooten v. Kirkland, 540 F.3d 1019, 1023-24 (9th Cir. 2008).

If petitioner wishes to stay this action, he shall file a motion addressing the Rhines factors. In the alternative, petitioner may proceed with a stay request as outlined in King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) citing Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). In King, the Ninth Circuit held that in addition to the stay procedure authorized in Rhines, district courts also have discretion to permit petitioners to follow the three-step stay-and-abeyance procedure approved in Calderon v. U.S. Dist. Ct. (Taylor), 134 F.3d 981, 986 (9th Cir. 1998) and Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). Pursuant to the King procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition. Kelly, 315 F.3d at 1070-71. The King stay-and-

---

[3] Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

abeyance procedure has no requirement of a good cause showing or that the claims are potentially meritorious. However, no statute of limitations protection is imparted by such a stay, nor are exhausted claims adjudicated during the pendency of such a stay.

In this regard, petitioner is informed that he must not only comply with the statute of limitations, but he must show that the amendment of any newly exhausted claims relates back to the original exhausted claim in the petition by sharing a common core of operative facts. See Thomas v. Kramer, 2011 WL 2633470, *2 (N.D. Cal. Jul. 5, 2011) (describing claims which do not relate back to previously timely filed claims).

In the alternative, petitioner may file an amended petition in this court raising only the exhausted claim. If petitioner chooses the second method, however, the court cautions that he will risk forfeiting consideration of the unexhausted claims in this or any other federal court. See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases.

Accordingly, IT IS HEREBY ORDERED that:

1. Within twenty-one (21) days of this order, petitioner shall file either a motion to stay under either Rhines or Kelly, or file an amended petition containing only the exhausted claim. Petitioner is cautioned that failure to respond to the instant order may result in a recommendation that the unexhausted claims be dismissed.

2. Within seven (7) days of the filing of any motion to stay, respondent may file a response.

Dated: October 15, 2013

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Urba1182.mixed