UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DAVID URBANO, | No. 2:13-cv-1182 TLN GGH P |
| Petitioner, | |
| JEFFREY BEARD, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

I. Proper Respondent

Respondent requests to substitute Jeffrey Beard, the current Secretary of the California Department of Corrections and Rehabilitation, as respondent in this matter. Respondent provides no explanation for this request, and cites only Fed. R. Civ. P. 25(d) (referring to substitution where an officer dies or separates from office). Petitioner is housed at La Palma Correctional Center in Eloy, Arizona. "Where the petitioner is convicted in one state but incarcerated in another, the appropriate custodian to be named as the respondent is the official in the state whose actions are being challenged by the petitioner." Thibes v. California, 2013 WL 1751979, *4 (C.D. Cal. Mar. 6, 2013). The Secretary of the CDCR is the "chief officer in charge of state penal institutions" and he qualifies as a state officer having custody of petitioner. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894-896 (9th Cir. 1996) (quoting Rule 2(a) advisory committee's note);

1

Phillips v. Cate, 2012 WL 5498026, *1 (E.D. Cal. Nov. 13, 2012) (naming Secretary of CDCR as state officer and respondent having custody).  Therefore, respondent's request to substitute Jeffrey Beard as respondent is granted.

## II. Background

On August 22, 2013, respondent filed a motion to dismiss based on failure to exhaust five out of six claims.  Petitioner filed an opposition, arguing that exhaustion should be excused for various reasons.  Based on petitioner's concession that claims two through six were unexhausted, the court then ordered petitioner to either eliminate the unexhausted claims from his petition and proceed on exhausted claim one only, or file a motion to stay the action pending exhaustion of the five unexhausted claims.  At that time, petitioner was warned that failure to respond to the order might result in a recommendation that the unexhausted claims be dismissed.  Petitioner has not filed anything since the order was issued.

## III. Discussion

In its previous order, the court explained the requirements regarding exhaustion, which are repeated here.  The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised.  Rose v. Lundy, 455 U.S. 509 (1982).  The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).

A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).  A state court has had an opportunity to rule on the merits of a claim when the petitioner has fairly presented that claim to that court.  The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based.  Picard, 404 U.S. at 277-78.  Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made."  Anderson v. Harless, 459 U.S. 4, 6 (1982).  Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.  If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995).

Petitioner made several unavailing arguments in his opposition to the motion to dismiss which were set forth in the prior order, (ECF No. 16, 17), but conceded that claims two through six of his petition are unexhausted.

Petitioner was informed that because this was a mixed petition, he had the option to proceed with the exhausted claim one only, or, he could file a motion to stay this action pending exhaustion of the five unexhausted claims.[1]  The court's order provided petitioner with the following legal information:

> In Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528 (2005) the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. Rhines, supra, at 277-78, 125 S. Ct at 1535.
>
> Petitioner is informed that counsel's failure to include claims on direct appeal does not constitute "good cause" to grant a stay of a mixed federal petition under Rhines.  Wooten v. Kirkland, 540 F.3d 1019, 1023-24 (9th Cir. 2008).
>
> If petitioner wishes to stay this action, he shall file a motion addressing the Rhines factors.  In the alternative, petitioner may proceed with a stay request as outlined in King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) citing Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).  In King, the Ninth Circuit held that in addition to the stay procedure authorized in Rhines, district courts also have discretion to permit petitioners to follow the three-step stay-and-abeyance

---

[1] Petitioner was cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

>procedure approved in Calderon v. U.S. Dist. Ct. (Taylor), 134 F.3d 981, 986 (9th Cir. 1998) and Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). Pursuant to the King procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition. Kelly, 315 F.3d at 1070-71. The King stay-and-abeyance procedure has no requirement of a good cause showing or that the claims are potentially meritorious. However, no statute of limitations protection is imparted by such a stay, nor are exhausted claims adjudicated during the pendency of such a stay.
>
>In this regard, petitioner is informed that he must not only comply with the statute of limitations, but he must show that the amendment of any newly exhausted claims relates back to the original exhausted claim in the petition by sharing a common core of operative facts. See Thomas v. Kramer, 2011 WL 2633470, *2 (N.D. Cal. Jul. 5, 2011) (describing claims which do not relate back to previously timely filed claims).
>
>In the alternative, petitioner may file an amended petition in this court raising only the exhausted claim. If petitioner chooses the second method, however, the court cautions that he will risk forfeiting consideration of the unexhausted claims in this or any other federal court. See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases.

Order, filed October 15, 2013. The order specifically warned petitioner that failure to "respond to the instant order may result in a recommendation that the unexhausted claims be dismissed." Id.

Because petitioner did not respond to the order, the court has no choice but to dismiss the unexhausted claims.

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case.

/////

/////

/////

IV. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss, filed August 22, 2013 (ECF No. 13) be granted; and

2. Claims two through six of the petition be dismissed and this action proceed on claim one only;

3. The District Court decline to issue a certificate of appealability; and

4. Respondent be ordered to file an answer within thirty days of an order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   Any response to the objections shall be filed and served within fourteen days after service of the objections.  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 9, 2013

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Urba1182.mtd