UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY DAVID URBANO,

    Petitioner,

    v.

JEFFREY BEARD,

    Respondent.

No. No. 2:13-cv-1182 TLN GGH P

ORDER

Petitioner has filed a Rule 60(b)(6) motion which this Court construes as a request for reconsideration of the district court's order filed March 7, 2014. On December 9, 2013, after providing Petitioner with the opportunity to file a motion to stay in order to exhaust his unexhausted claims in state court, and receiving no response from Petitioner, the magistrate judge issued findings and recommendations, recommending that the motion to dismiss be granted and claims two through six of the petition be dismissed. The magistrate judge recommended that the petition proceed on the exhausted claim one only. This Court adopted those findings and recommendations by order of March 7, 2014.

Standards For Motions To Reconsider

Although motions to reconsider are directed to the sound discretion of the Court, Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of

judicial economy weigh heavily in the process. Thus Local Rule 230(j) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion." Id. The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064 (1986).

Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F.Supp. 1003, 1009 (C.D. Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991). These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F.Supp. at 1009.

In his motion for reconsideration, Petitioner contends that all of his unexhausted claims should be adjudicated in the interest of justice based on the denial of counsel on his direct appeal. He claims that inordinate delay resulting from the lack of appellate counsel and from having to exhaust the remaining claims qualifies as an exception to the exhaustion rule.

Petitioner has failed to present any new facts or circumstances demonstrating why his case should proceed with unexhausted claims, or that these claims present "exceptional circumstances" to excuse the exhaustion requirement. Petitioner has also failed to explain why he did not respond to the magistrate judge's order directing him to file a motion to stay or proceed on the

///

///

///

only exhausted claim, and warning him that failure to respond might result in dismissal of the unexhausted claims.

Therefore, IT IS HEREBY ORDERED that, upon reconsideration, this Court's order of March 7, 2014 is affirmed.

Dated: September 8, 2014

Troy L. Nunley
United States District Judge