UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DAVID URBANO, | No. 2:13-cv-01182-TLN-GGH |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JEFFREY BEARD, | |
| Respondent. | |

INTRODUCTION AND SUMMARY

      Petitioner is a state prisoner proceeding *pro se* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. A jury found petitioner guilty of second degree robbery and found true the sentencing enhancement of personal use of a firearm. Petitioner was sentenced to state prison for a term of 13 years. He originally challenged his conviction on the following grounds: 1) denial of counsel on direct appeal; 2) ineffective assistance of counsel on direct appeal; 3) insufficient evidence; 4) denial of counsel during a new trial motion; 5) double jeopardy; and 6) ineffective assistance of counsel for failure investigate and challenge the prosecution's claim that evidence submitted in petitioner's second trial was "new."

      Respondent moved to dismiss the petition because claims two through five were unexhausted. ECF No. 13. The court subsequently ordered petitioner to either file a motion to stay the petition to exhaust his claims or file an amended petition containing only the exhausted

1

claim, warning petitioner that failure to respond may result in a recommendation that the unexhausted claims be dismissed. ECF No. 17. Petitioner failed to respond to the court's order and the court dismissed petitioner's unexhausted claims, claims two through five. ECF No. 21. As such, the undersigned addresses only claim one below.

Upon careful consideration of the record and the applicable law, the undersigned recommends that petitioner's application for habeas corpus relief be denied.

BACKGROUND

In its unpublished memorandum and opinion affirming petitioner's judgment of conviction on appeal, the California Court of Appeal for the Third Appellate District provided the following factual summary:

> On December 19, 2008, Kathy Groth and Priscilla Dixon were working at a JoAnne's store in Woodland when a man walked in and asked directions on how to get on the freeway. The man later returned to the store, picked up a roll of wrapping paper, and told Groth he wanted to buy it.
>
> Dixon waited on the man at her cash register. After she rang up the purchase, the man said, "this is a robbery." Dixon told the man he must be kidding; he told her that he was not, pulled a gun out of his left coat pocket, and showed it to her. After Dixon complied with defendant's demand, defendant ran out of the store. About $150 was taken that night.
>
> Numerous latent fingerprints were found on the wrapping paper roll. Ten of the prints belonged to defendant Anthony Urbano.
>
> Dixon identified defendant as the perpetrator at a photographic lineup but Groth was not able to identify a perpetrator in the lineup. At trial, both Groth and Dixon identified defendant as the robber.
>
> Defendant had a player's card at Cache Creek Casino which recorded his financial transactions and playing times there. On December 19, 2008, defendant used the card from 5:06 p.m. to 5:34 p.m., and had $.03 at the end of the session. His card was used again between 9:34 p.m. and 10:36 p.m., and he had $100 on the card at the start of the session.
>
> Defendant was charged with second degree robbery (Pen.Code, §§ 211/212.5) . . . with an enhancement for personal use of a firearm (§ 12022.53, subd. (b)). Defendant's first jury trial ended in a hung jury. Defendant discharged counsel and represented himself at the second trial. Following the second jury trial, defendant was convicted of second degree robbery and the personal use of a firearm enhancement. The trial court denied defendant's motion for a new trial and sentenced defendant to a 13-year prison term,

> imposed various fines and fees, and awarded 461 days of presentence credit, consisting of 401 days' custody and 60 days' conduct credit.
>
> We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.
>
> Defendant filed a supplemental brief requesting we conduct an independent review of the case as well as raising several issues of his own.

People v. Urbano, 2012 WL 2019710, at *1 (Cal. App. 3 Dist. June 5, 2012).

Petitioner did not seek review with the California Supreme Court. He did file a series of state habeas corpus petitions to the Yolo County Superior Court (Resp't's Lod. Doc. 19), the Third District Court of Appeal (Resp't's Lod. Doc. 23) and the California Supreme Court (Resp't's Lod. Doc. 25) in which he raised his denial of counsel claim. All state petitions were summarily denied. See Resp't's Lod. Docs. 20, 24, 26.

DISCUSSION

I.  AEDPA Standards

The statutory limitations of federal courts' power to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The text of § 2254(d) states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As a preliminary matter, the Supreme Court has recently held and reconfirmed "that § 2254(d) does not require a state court to give reasons before its decision can be deemed to have

3

1  been 'adjudicated on the merits.'" Harrington v. Richter, 131 S.Ct. 770, 785 (2011).  Rather,
2  "when a federal claim has been presented to a state court and the state court has denied relief, it
3  may be presumed that the state court adjudicated the claim on the merits in the absence of any
4  indication or state-law procedural principles to the contrary." Id. at 784–85, citing Harris v.
5  Reed, 489 U.S. 255, 265, 109 S.Ct. 1038 (1989) (presumption of a merits determination when it
6  is unclear whether a decision appearing to rest on federal grounds was decided on another basis).
7  "The presumption may be overcome when there is reason to think some other explanation for the
8  state court's decision is more likely." Id. at 785.

9  The Supreme Court has set forth the operative standard for federal habeas review of state
10 court decisions under AEDPA as follows:  "For purposes of § 2254(d)(1), 'an *unreasonable*
11 application of federal law is different from an *incorrect* application of federal law.'" Harrington,
12 131 S.Ct. at 785, citing Williams v. Taylor, 529 U.S. 362, 410, 120 S.Ct. 1495 (2000).  "A state
13 court's determination that a claim lacks merit precludes federal habeas relief so long as
14 'fairminded jurists could disagree' on the correctness of the state court's decision." Id. at 786,
15 citing Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S.Ct. 2140 (2004).

16 Accordingly, "a habeas court must determine what arguments or theories supported or . . .
17 could have supported[] the state court's decision; and then it must ask whether it is possible
18 fairminded jurists could disagree that those arguments or theories are inconsistent with the
19 holding in a prior decision of this Court." Id.  "Evaluating whether a rule application was
20 unreasonable requires considering the rule's specificity.  The more general the rule, the more
21 leeway courts have in reaching outcomes in case-by-case determinations.'" Id.  Emphasizing the
22 stringency of this standard, which "stops short of imposing a complete bar of federal court
23 relitigation of claims already rejected in state court proceedings[,]" the Supreme Court has
24 cautioned that "even a strong case for relief does not mean the state court's contrary conclusion
25 was unreasonable." Id. (citing Lockyer v. Andrade, 538 U.S. 63, 75, 123 S.Ct. 1166 (2003)).

26 The undersigned also finds that the same deference is paid to the factual determinations of
27 state courts.  Under § 2254(d)(2), factual findings of the state courts are presumed to be correct
28 subject only to a review of the record which demonstrates that the factual finding(s) "resulted in a

decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." It makes no sense to interpret "unreasonable" in § 2254(d)(2) in a manner different from that same word as it appears in § 2254(d)(1) – i.e., the factual error must be so apparent that "fairminded jurists" examining the same record could not abide by the state court factual determination. A petitioner must show clearly and convincingly that the factual determination is unreasonable. See Rice v. Collins, 546 U.S. 333, 338, 126 S.Ct. 969, 974 (2006).

The habeas corpus petitioner bears the burden of demonstrating the objectively unreasonable nature of the state court decision in light of controlling Supreme Court authority. Woodford v. Viscotti, 537 U.S. 19, 123 S. Ct. 357 (2002). Specifically, the petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 131 S.Ct. at 786–87. "Clearly established" law is law that has been "squarely addressed" by the United States Supreme Court. Wright v. Van Patten, 552 U.S. 120, 125, 128 S.Ct. 743, 746 (2008). Thus, extrapolations of settled law to unique situations will not qualify as clearly established. See e.g., Carey v. Musladin, 549 U.S. 70, 76, 127 S.Ct. 649, 653–54 (2006) (established law not permitting state-sponsored practices to inject bias into a criminal proceeding by compelling a defendant to wear prison clothing or by unnecessary showing of uniformed guards does not qualify as clearly established law when spectators' conduct is the alleged cause of bias injection). The established Supreme Court authority reviewed must be a pronouncement on constitutional principles, or other controlling federal law, as opposed to a pronouncement of statutes or rules binding only on federal courts. Early v. Packer, 537 U.S. 3, 9, 123 S. Ct. 362, 366 (2002).

When a state court decision on a petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. Johnson v. Williams, ___ U.S. ___, 133 S.Ct. 1088, 1091 (2013). However, if the state courts have not adjudicated the merits of the federal issue, no AEDPA deference is given; the issue is reviewed *de novo* under general principles of

1   federal law. Stanley v. Cullen, 633 F.3d 852, 860 (9th Cir. 2012).

2   The state courts need not have cited to federal authority, or even have indicated awareness
3   of federal authority in arriving at their decision. Early, 537 U.S. at 8, 123 S.Ct. at 365. Where
4   the state courts have not addressed the constitutional issue in dispute in any reasoned opinion, the
5   federal court will independently review the record in adjudication of that issue. "Independent
6   review of the record is not de novo review of the constitutional issue, but rather, the only method
7   by which we can determine whether a silent state court decision is objectively unreasonable."
8   Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).

9   II.     Denial of Counsel on Direct Appeal
10          A. Background
11   Petitioner contends the state court unreasonably determined that his right to counsel on
12  direct appeal had not been violated when the appellate court discussed and rejected the arguments
13  presented in petitioner's *pro se* supplemental brief without first ordering counsel to brief those
14  arguments. As mentioned above, the court of appeal appointed counsel to represent petitioner on
15  appeal. Appellate counsel filed a *Wende* brief, setting forth the facts of the case and requesting
16  that the court of appeal review the record to determine whether there were any arguable issues on
17  appeal. Resp't's Lod. Doc. 1. Appellate counsel notified petitioner of his right to file a *pro se*
18  supplemental brief, which petitioner did. Resp't's Lod. Doc. 2. In that brief, petitioner argued
19  that 1) the double jeopardy provisions California Penal Code 1164; 2) the state failed to meet its
20  burden of proving that a robbery occurred; 3) the trial court applied the wrong standard in
21  denying his motion for a new trial; 4) the trial court committed instructional error by using
22  CALCRIM 3146; and 5) applying the firearm enhancement to his robbery conviction violates
23  Penal Code section 654 and the double jeopardy provision of the Fifth Amendment. Id.

24  The Court of Appeal rejected petitioner's claims as follows:

> Defendant contends double jeopardy barred retrial on the gun enhancement after the first trial. He argues that since there is no evidence in the record that the jury was unable to reach a verdict on the enhancement in his first trial, the jury must not have made any finding on the enhancement, which operates as an acquittal. (*People v. Huffman* (1967) 248 Cal.App.2d 260, 261.)

6

> Here, the jury reached no verdict on the substantive count. Therefore, it had no reason to address the enhancement. Contrary to defendant's assertion, the failure to address the enhancement does not operate as an acquittal under these particular circumstances.
>
> Next, defendant contends there is insufficient evidence to support his robbery conviction, asserting there was no evidence that money was in fact taken from the store.
>
> The test for sufficiency of the evidence to support an enhancement is whether, after viewing the evidence in the light most favorable to the judgment, any rational trier of fact could have found the elements of the enhancement beyond a reasonable doubt. (*People v. Alvarez* (1996) 14 Cal.4th 155, 225.) Dixon testified that while the register was open, a man later identified as defendant told her "this is a robbery," that she complied with his demand, and that about $150 was taken. Substantial evidence supports defendant's conviction.
>
> Defendant's third contention is that the trial court applied the wrong standard to his motion for new trial based on insufficient evidence.
>
> "On a motion for a new trial, a trial court must review the evidence independently, considering the proper weight to be afforded to the evidence and then deciding whether there is sufficient credible evidence to support the verdict. [Citation.] 'A trial court's ruling on a motion for new trial is so completely within that court's discretion that a reviewing court will not disturb the ruling absent a manifest and unmistakable abuse of that discretion. [Citation.]' [Citation.]" (*People v. Lewis* (2001) 26 Cal.4th 334, 364.)
>
> The trial court did not abuse its discretion by denying defendant's motion for new trial on the basis of the sufficiency of the evidence. It independently weighed all of the evidence, resolved conflicts in light of the record, and satisfied itself that the verdict was supported by sufficient credible evidence. At trial, two eyewitnesses identified defendant as the robber, and one of the witnesses also identified defendant at a photographic lineup. That is more than sufficient evidence to support the verdict, and it was not an abuse of discretion for the trial court to deny defendant's motion.
>
> Defendant's next contention is against the trial court's use of CALCRIM No. 3146, which reads as follows: "If you find the defendant guilty of the crime charged in Count 1, second-degree robbery, you must then decide whether the People have proved the additional allegation that the defendant personally used a firearm during the commission of that crime. You must decide whether the People have proved this allegation for the crime and return a separate finding for that crime. [¶] A firearm is any device designed to be used as a weapon, from which a projectile is discharged or expelled through a barrel by the force of an explosion or other form of combustion. A firearm does not need to be in working order if it was designed to shoot and appears capable of shooting. A firearm does not need to be loaded. [¶] Someone personally uses a firearm if he or she intentionally does any of the following: One, displays

7

the weapon in a menacing manner; two, hits someone with the weapon; or three, fires the weapon."

Defendant contends the trial court's use of the term "weapon" presumes the weapon used by defendant was a firearm and thus removes an element from the enhancement.

Because defendant did not object, he has forfeited any claim that the instruction was erroneous unless the instruction affected his substantial rights. (§ 1259; *People v. Christopher* (2006) 137 Cal.App.4th 418, 426–427.) Substantial rights are equated with a miscarriage of justice, which results if it is reasonably probable the defendant would have obtained a more favorable result had the instruction not been given. (Cal. Const., art. VI, § 13; *People v. Christopher*, *supra*, 137 Cal.App.4th at pp. 426–427; *People v. Watson* (1956) 46 Cal.2d 818, 835–836.)

The trial court properly instructed the jury on the elements of the offense—defendant personally using a firearm in the commission of the crime. The jury was also properly instructed on the definition of a firearm. Taken in the context of the entire instruction, the use of the term "weapon" in the last clause of the instruction was not likely to cause the jury to presume defendant's weapon was a firearm. Defendant's contention is without merit.

Defendant's final contention is that applying the firearm enhancement of section 12022.53 to his robbery conviction violates section 654 and the double jeopardy provision of the Fifth Amendment. In defendant's view, application of the enhancement to a robbery conviction violates section 654 because robbery requires a taking through force or fear while the firearm enhancement involves the display of the weapon in a menacing manner.

Section 654 states in pertinent part: "(a) An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision...."

However, "[a] statute which provides that a defendant shall receive a sentence enhancement in addition to any other authorized punishment constitutes an express exception to section 654. [Citation.]" (*People v. Ramirez* (1995) 33 Cal.App.4th 559, 573; see also *People v. Ahmed* (2011) 53 Cal.4th 156, 163 [specific exception to section 654 enhancement controls over section 654].) Section 12022.53, subdivision (a)(4) provides the enhancement applies to robbery, and subdivision (b) provides that the enhancement applies "[n]otwithstanding any other provision of law[.]" Since the firearm enhancement contains a specific exception, section 654 does not prevent it from being applied to defendant's robbery conviction.

Defendant's double jeopardy contention is likewise without merit. Double jeopardy protects "against multiple punishments for the

8

>same offense" (*North Carolina v. Pearce* (1969) 395 U.S. 711, 717 [23 L.Ed.2d 656, 665]; overruled in part on other grounds in *Alabama v. Smith* (1989) 490 U.S. 794, 802 [104 L.Ed.2d 865, 874], but does not prohibit the Legislature from providing cumulative punishment under two statutes. (*Missouri v. Hunter* (1983) 459 U.S. 359, 368–369 [74 L.Ed.2d 535, 544].)
>
>Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

Urbano, 2012 WL 2019710, at **1–3.

### B. Applicable Law

Petitioner is entitled to relief only if denial of his claim that the appellate court's decision not to direct appellate counsel to argue the points raised in petitioner's *pro se* supplemental was contrary to, or involved an unreasonable application of, clearly established Federal law or was based on an unreasonable determination of the facts. 28 U.S.C. § 2254. On direct appeal, indigent defendants are entitled to court-appointed counsel under Sixth Amendment. Douglas v. California, 372 U.S. 353, 357– 58, 83 S. Ct. 814, 817, 9 L.Ed.2d 811. In Anders v. California, the Supreme Court concluded that an appellate attorney's filing a "no merit" letter with the court of appeal violated the petitioner's right to counsel on direct appeal. 386 U.S. 738, 743 (1967). The Court explained the role appellate counsel must fulfill:

>The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae. The no-merit letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court.3 His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not

9

> frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

Id.

Subsequently, California implemented a procedure in People v. Wende, 25 Cal.3d 436 (1979) designed to satisfy the prophylactic measures described in Anders. Validating the procedure, Supreme Court described it as follows:

> [C]ounsel, upon concluding that an appeal would be frivolous, files a brief with the appellate court that summarizes the procedural and factual history of the case, with citations of the record. He also attests that he has reviewed the record, explained his evaluation of the case to his client, provided the client with a copy of the brief, and informed the client of his right to file a *pro se* supplemental brief. He further requests that the court independently examine the record that his review led him to conclude that an appeal would be frivolous (although that is considered implicit, see *Wende*, 25 Cal.3d, at 441–442, 158 Cal.Rptr. 839, 600 P.2d, at 1075) nor requests leave to withdraw. Instead, he is silent on the merits of the case and expresses his availability to brief any issues on which the court might desire briefing. See generally *id.*, at 438, 441–442, 158 Cal.Rptr. 839, 600 P.2d, at 1072, 1074–1075.
>
> The appellate court, upon receiving a "*Wende* brief," must "conduct a review of the entire record," regardless of whether the defendant has a filed a *pro se* brief. . . If the appellate court, after its review of the record pursuant to *Wende*, also finds the appeal to be frivolous, it may affirm. See *id.*, at 443, 158 Cal.Rptr. 839, 600 P.2d, at 1076 (majority opinion). If, however, it finds an arguable (*i.e.*, nonfrivolous) issue, it orders briefing on that issue.

Smith v. Robbins, 528 U.S. 259, 265–66 (2000).

C. Analysis

To be clear, analysis of petitioner's denial of counsel claim focuses on the California Supreme Court's unreasoned rejection of petitioner's state habeas petition arguing that the court of appeal violated his Sixth Amendment right to counsel when it found arguable issues in the petitioner's pro se supplemental brief and failed to provide appellate counsel an opportunity to brief those issues. As there is no reasoned decision on the constitutional issue, the undersigned must independently review the record to determine whether the California Supreme Court's decision was objectively unreasonable. See Himes, 336 F.3d at 853. As more fully discussed below, the undersigned does not find the state court's silent decision objectively unreasonable.

The factual premise upon which petitioner's claim rests is false. The court of appeal did not find an arguable issue after reviewing the record and considering petitioner's brief. The appellate court found the exact opposite: "[W]e find *no arguable error* that would result in a disposition more favorable to defendant." Urbano, 2012 WL 2019710, at *3 (emphasis added). It is difficult to come to another interpretation. In a state habeas petition filed with the Yolo County Superior Court, petitioner explained why he believed the Court of Appeal found arguable issues:

> [T]he [a]ppellate court advanced its own arguments; effectively such action establishes that there were in fact arguable issues on appeal. Moreover, the court explicitly found only three of the [s]ix points raised by appellant without merit. Thus, the other three points were meritorious. Counsel, therefore, should have been notified that not only did the court identify three arguable issues, but the court should have [given] the attorney an opportunity to brief and argue those issues.

Resp't's Lod. Doc. 19. The state court did not advance its own arguments against petitioner's legal points. It applied the law. Secondly, the court only explicitly stated that three of petitioner's points were without merit. It expressly rejected all six points and thus found no meritorious points. See Urbano, 2012 WL 2019710 at *1–3. The court rejected plaintiff's double jeopardy claim stating that "the failure to address the enhancement does *not* operate as an acquittal under these particular circumstances." Id. at *1. It rejected petitioner's sufficiency of evidence claim stating that "[s]ubstantial evidence supports defendant's conviction." Id. at *2. It found that the "trial court did not abuse its discretion by denying defendant's motion for new trial on the basis of the sufficiency of the evidence," in denying petitioner's new trial claim. Id. Finally, the court expressly stated that petitioner's instructional error and second double jeopardy claim were "without merit." Id. at *3. Accordingly, the factual premise upon which petitioner's claim lies is inaccurate.

The undersigned does not find the state court's determination objectively unreasonable. The appellate court appointed petitioner appellate counsel. Appellate counsel filed a Wende brief and informed petitioner of his right to file a supplemental brief. The appellate court concluded that there were no arguable issues on appeal and affirmed petitioner's conviction. By all accounts, the record shows that the state court followed the Wende procedure as approved in

11

Smith v. Robbins. Petitioner is not entitled to more under the Sixth Amendment. Accordingly, the state court's decision denying petitioner's Sixth Amendment claim was not contrary to, or an unreasonable application of, clearly established federal law. The petition should be denied.

CONCLUSION

For all the foregoing reasons, the petition should be denied. Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitution right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be denied; and

2. The District Court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 20, 2015

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:016/urba.1182.hc