UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DAVID URBANO,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>JEFFREY BEARD,<br><br>　　　　　Respondent. | No. 2:13-cv-1182 TLN GGH P<br><br><br><br>ORDER |

　　　　This matter is before the Court pursuant to Petitioner's Motion to Alter or Amend the Judgment (ECF No. 45). On August 18, 2015, this Court adopted the Findings and Recommendations of Magistrate Judge Gregory G. Hollows (See ECF No. 40), determining that the petition for habeas corpus relief should be denied pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA) because the state court's decision was not contrary to, or an unreasonable application of, clearly established federal law. (See Order, ECF No. 43.) Consequently, this case was closed. (See Judgment, ECF No. 44.)

　　　　On September 14, 2015, Petitioner filed the instant Motion to Alter or Amend the Judgment pursuant to Fed. R. Civ. P. 59(e).

　　　　A court should be loathe to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous or would work a manifest injustice. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). "A court is generally precluded from reconsidering an issue that has already been

1

decided by the same court, or a higher court in the identical case." Thomas v. Bible, 983 F.2d 152, 154 (9th Cir.1993). However, Rule 59(e) permits a district court to reconsider and amend a previous order. "Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir.2000) (quoting 12 James William Moore, et al., Moore's Federal Practice § 59.30(4) (3d ed.2000)). Therefore, a district court should not grant a motion for reconsideration "unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir.1999) (citing School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993)). Disagreement with a district court's ruling on a motion for summary judgment will not support a motion to alter or amend the judgment. See United States ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir.2002); Rutter Group Prac. Guide Fed. Civ. Trials & Ev. Ch. 20–C.

"There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an "intervening change in controlling law." Turner v. Burlington N. Santa Fe R.R., 338 F.3d 1058, 1063 (9th Cir.2003) (internal quotations omitted). Moreover, Local Rule 230(j) requires a party filing a motion for reconsideration to show that "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions for relief from judgment pursuant to Rule 59(e) are addressed to the sound discretion of the district court. Exp. Grp. v. Reef Indus., Inc., 54 F.3d 1466, 1469 (9th Cir.1995).

In the case at issue, Petitioner's motion fails to meet any of the elements set forth above, instead re-visiting the same fruitless grounds that have been previously and properly considered and adjudicated. Petitioner cites no newly discovered evidence or intervening change in controlling law and makes no showing that the Court has "committed clear error or the initial

1  decision was manifestly unjust." See Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir.2007).  As
2  such, Petitioner's Motion to Alter or Amend the Judgment (ECF No. 45) is hereby DENIED.
3          IT IS SO ORDERED.
4  Dated:  October 15, 2015

                                                    Troy L. Nunley
                                                    United States District Judge